UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:10-cr-20804-GAYLES/TORRES

UNITED STATES OF AMERICA

v.

ANTHONY WILLIAMS,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court on Defendant Anthony Williams's *pro se* Motion Requesting Compassionate Release Reduce Sentence to Time Served Under 18 U.S.C. § 3582(c)(1)(A)(i) Also Any Possible Relief Under the CARES Act (the "First Motion") [ECF No. 538], his Motion to File 404 First Step Act and Appointment of Counsel to Fully Prepare and Argue It (the "Second Motion") [ECF No. 546], and his Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) for the 21 U.S.C. § 851 Enhancement (the "Third Motion") [ECF No. 562] (collectively, the "Motions").[1] The Court has reviewed the Motions, the Presentence Investigation Report (the "PSR"), and the record, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

## BACKGROUND

Defendant is a 42-year-old incarcerated at Federal Correctional Institution Three Rivers ("FCI Three Rivers") in Three Rivers, Texas, with a projected release date of December 31, 2024. On June 17, 2011, United States District Judge Ursula Ungaro sentenced Defendant to a total of

---

[1] The Court liberally construes the Motions as a compassionate release request because Defendant proceeds *pro se*. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

228 months' imprisonment for: (1) two counts of conspiracy to possess with intent to distribute MDMA, in violation of 21 U.S.C. § 846; and (2) one count of use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). [ECF No. 288 at 1–2]. Judge Ungaro also imposed concurrent terms of supervised release totaling six years, which commence upon Defendant's release. *Id.* at 3. On May 5, 2020, Defendant made an initial request for compassionate release, [ECF No. 525], which the Court denied on June 2, 2020, [ECF No. 531]. On August 24, 2020, Defendant filed his First Motion. [ECF No. 538]. On September 29, 2020, Defendant filed his Second Motion. [ECF No. 546]. On June 9, 2021, this matter was reassigned to United States District Judge Roy K. Altman. [ECF No. 557]. On July 19, 2021, Judge Altman recused from this matter. [ECF No. 559]. On September 28, 2021, Defendant filed his Third Motion. [ECF No. 562].

In his Motions, Defendant seeks compassionate release in light of the COVID-19 pandemic pursuant to 18 U.S.C. § 3582(c)(1)(A) and Section 404 of the First Step Act of 2018. *See* [ECF Nos. 538, 546, & 562]. Defendant cites the conditions of his imprisonment to justify his request for compassionate release. [ECF No. 538 at 1–2]. Defendant also argues that his request should be granted because the Court improperly applied an enhancement to the calculation of his term of imprisonment. *See* [ECF No. 546 at 3]; [ECF No. 562 at 3–4]. Defendant and the Government agree that Defendant exhausted his administrative remedies by making a request for compassionate release with the Warden of Federal Correctional Institution Yazoo City Low, where he was formerly incarcerated. [ECF No. 538 at 4–6]. That request was denied. *Id.* at 4; [ECF No. 539 at 7].

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United*

*States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

The Government argues that the Motions should be denied because: (1) Defendant fails to present extraordinary and compelling reasons warranting his release; (2) Section 404 of the First Step Act of 2018 only applies retroactively to offenses involving cocaine and thus does not apply to Defendant's case; and (3) the § 3553(a) factors do not warrant Defendant's release. While the

3

Court is satisfied that Defendant properly exhausted his administrative remedies, the Motions fail on the merits and shall be denied.

**I.      Defendant Fails to Present Extraordinary and Compelling Reasons Warranting His Release**

Defendant fails to show that extraordinary and compelling reasons warrant his release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The application notes of § 1B1.13 of the United States Sentencing Guidelines Manual provide four categories of "extraordinary and compelling reasons" that may warrant release: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; or (4) other reasons "[a]s determined by the Director of the Bureau of Prisons . . . ." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1. Because § 1B1.13 "governs all motions under Section 3582(c)(1)(A) . . . [,] district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (quoting *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021)). "Thus, . . . the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13." *Id.*

Here, Defendant fails to allege that any of the four categories of extraordinary and compelling reasons warrant his release. *See* U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1. Defendant also fails to provide the Court with his medical records and health status in order to satisfy the first factor, and his age alone is insufficient to satisfy the second factor. *See, e.g.*, *United States v. Siler*, No. 14-CR-20116, 2021 WL 5989080, at *2 (S.D. Fla. Dec. 17, 2021) (defendant failed to provide medical records or allege deteriorating health); *United States v. Muñoz*, No. 16-CR-20050, 2020 WL 7496524, at *2 (S.D. Fla. June 24, 2020) (defendant failed to detail medical conditions, allege deteriorating health, or provide medical records). Moreover, Defendant does not

satisfy the third factor because he has not alleged any family circumstances that warrant his release.[2] Finally, Defendant fails to satisfy the fourth factor because he fails to allege that the Director of the Bureau of Prisons has determined another reason that warrants his release. *See United States v. Schmitt*, No. 18-CR-20958, 2021 WL 5213063, at *3 (S.D. Fla. Oct. 22, 2021) ("[T]he Bureau of Prisons has not determined that other extraordinary and compelling reasons exist."), *report and recommendation adopted*, No. 18-CR-20958, 2021 WL 5206197 (S.D. Fla. Nov. 9, 2021). Therefore, the Motions shall be denied for failing to show extraordinary and compelling reasons that warrant Defendant's release.

## II.     Section 404 of the First Step Act of 2018 does not Apply to Defendant's Sentence

The Court finds that § 404 of the First Step Act of 2018 does not apply to Defendant's sentence. "The First Step Act permits a district court that imposed a sentence for a covered offense to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) (quoting First Step Act § 404(b)). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by certain provisions of the Fair Sentencing Act." *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021) (quoting First Step Act § 404(a)). *See also Jones*, 962 F.3d at 1298 (noting that the offense must have been committed before August 3, 2010). However, "[w]hen Congress enacted the First Step Act of 2018, it granted district courts discretion to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act." *Jones*, 962 F.3d at 1297. Specifically, "a crack offender is eligible for a sentence reduction under the First Step Act only if he was convicted of a

---

[2] The Government's Response to the First Motion states that "[t]he defendant filed this instant motion, pursuant to the CARES Act due to the COVID-19 pandemic and that he must take care of a blind relative." [ECF No. 539 at 4]. However, this is not reflected in Defendant's First Motion. *See* [ECF No. 538].

crack offense that triggered a mandatory minimum sentence." *United States v. Canady*, 855 F. App'x 654, 655 (11th Cir. 2021) (per curiam).

The Government argues that § 404 does not apply retroactively to Defendant's sentence because the statutory amendments only apply to offenses involving cocaine. [ECF No. 551 at 5]. The Court agrees. Because Defendant's offenses involved MDMA and not cocaine, § 404 does not apply here; and, therefore, the Motions shall be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Anthony Williams's *pro se* Motion Requesting Compassionate Release Reduce Sentence to Time Served Under 18 U.S.C. § 3582(c)(1)(A)(i) Also Any Possible Relief Under the CARES Act, [ECF No. 538], is **DENIED**.

2. Defendant's *pro se* Motion to File 404 First Step Act and Appointment of Counsel to Fully Prepare and Argue It, [ECF No. 546], is **DENIED**.

3. Defendant's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) for the 21 U.S.C. § 851 Enhancement, [ECF No. 562], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of January, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE